# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| OHIO & VICINITY CARPENTERS FRINGE BENEFIT FUNDS, INC. | : : : : : : : : : : | Case No. 1:19-cv-772 <br><br> Judge Timothy S. Black |
| Plaintiff, | | |
| vs. | | |
| J&H REINFORCING AND STRUCTURAL ERECTORS INC. | | |
| Defendant. | | |

### ORDER GRANTING IN PART PLAINTIFF'S
### MOTION FOR DEFAULT JUDGMENT (Doc. 15)

This case is before the Court on Plaintiff Ohio & Vicinity Carpenters Fringe Benefit Funds, Inc.'s motion for default judgment. (Doc. 15). Defendant did not respond.

## I. BACKGROUND

Plaintiffs Ohio & Vicinity Carpenters Fringe Benefit Funds, Inc. ("Plaintiff") bring this action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA") and the Labor Management Relations Act of 1947, 29 U.S.C. § 1145, et seq. ("LMRA"). (Doc. 1 at ¶1). Plaintiff administers fringe benefit funds established pursuant to a Collective Bargaining Agreement ("CBA") between the Regional Council of Carpenters and certain employers, such as Defendant. (*Id.* at ¶4).The fund administered by Plaintiff are subject to LMRA and ERISA. (*Id.* at ¶¶ 1,4). Plaintiff is a third-party beneficiary of the CBA. (*Id.* at ¶ 6).

Defendant is an Ohio corporation and a signatory to the CBA. (*Id.* at ¶5). Pursuant to the CBA, Defendant agreed to pay, inter alia, employee fringe benefit contributions for work performed by each employee subject to the CBA. (*Id.*). Plaintiff alleges Defendant has not made fringe benefit contributions. (*Id.* at ¶¶ 8, 14). Plaintiff seeks $21,552.19 for unpaid fringe benefit contributions, liquidated damages assessed on late payments, attorneys' fees and costs. (Doc. 15).

Plaintiff filed the complaint on September 12, 2019. (Doc. 1). Defendant's authorized agent was served with a copy of the summons and complaint on October 2, 2019. (Doc. 9, PageID# 25). Pursuant to Fed. R. Civ. P. 12(a), Defendant was required to file and serve an answer no later than October 23, 2019. To date, no responsive pleading has been filed or served. On December 9, 2019, the Clerk properly entered default. (Doc. 12). On March 19, 2021, Plaintiff filed the instant motion for default judgment. (Doc. 15).

## II.  STANDARD OF REVIEW

Applications for default judgment are governed by Fed. R. Civ. P. 55. A party may seek a default judgment under Rule 55(b)(1) after the Clerk has issued an entry of default under Rule 55(a). Fed. R. Civ. P. 55(a)–(b)(1). A default judgment is appropriately granted under Rule 55(b)(1) when the plaintiff's claim is for a sum certain and the defendant is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b)(1). In connection with a Rule 55(b)(1) application for default judgment by the Clerk, the plaintiff must submit an appropriate affidavit showing the amount due. *Id*. In all other cases, the party must apply to the court for a default judgment.

"Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's application for default under Rule 55(b), the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Wood v. Bronzie*, No. 1:20-CV-231, 2020 WL 4015247, at *1 (S.D. Ohio July 16, 2020) (quotation and citations omitted). While liability may be shown by well-pleaded allegations, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 WL 2572713, at *4 (E.D. Mich. June. 23, 2010).

"Ordinarily, the District Court must hold 'an evidentiary proceeding in which the defendant has the opportunity to contest the amount [of damages].'" *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). However, "Rule 55 does not require an evidentiary hearing as a prerequisite to the entry of default judgment if damages are contained in documentary evidence or detailed affidavits and can be ascertained by computation on the record before the Court." *Caterpillar Fin. Servs. Corp. v. C &D Disposal Techs.*, No. 2:12-CV-00077, 2012 WL 12883333, at *1 (S.D. Ohio July 10, 2012).

### III. ANALYSIS

Defendant's failure to respond to the complaint, application for entry of default, or motion for default judgment has made it clear that Defendant has no intention of defending this action. The factual allegations in the complaint, except those related to the amount of damages, are deemed true. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110

3

(6th Cir. 1995). Thus, upon review of the record, the undersigned finds that default judgment is warranted in this case. And, with liability established, the Court must determine the extent of damages.

Plaintiff seeks $21,522.19, an amount that includes:

- $7,242.14 in unpaid fringe benefit contributions and associated costs for the period covering January 2016 through December 2017;

- $13,502.25 in liquidated damages assessed on late contribution payments in April, May, June and September 2014; July, August, October November 2016; and October, November and December 2017 and January 2018; and

- $771.50 in attorney's fees and $6.30 in collection costs.

Plaintiff evidences the $7,242.14 in unpaid fringe benefit contributions with a report[1] from Legacy Professionals, a Certified Public Accountant ("CPA") firm. (Doc. 15-2). The CPA appears to have prepared this report based on minimal information provided by Defendant. (*Id.*) The report specifically details $4,868.45 in unpaid fringe benefit contributions for the period January 2017 through December 2018, a 20% liquidated damages add-on of $973.69, authorized by the CBA; and $1,400.00 in "audit" costs collectible by Plaintiff under the CBA. (Docs. 15-1, 15-2, PageID# 62). The Court

---

[1] While Plaintiff's attorney refers to it as an "audit," the included CPA engagement letter specifically says it is not. (Doc. 15-2, PageID# 59). Instead, the CPA terms its findings either a "report" or "preliminary findings." (*Id.*) Nonetheless, the Court finds it is competent evidence of the damages since it appears evident from the report that the CPA made its findings with access to at least some records. (Doc. 15-2, PageID# 61). Other records were allegedly withheld by Defendant. (*Id.*).

4

finds this is ample evidence that Defendant owes Plaintiff $7,242.14 in unpaid contributions and related costs.

Plaintiff does not provide similarly detailed evidence of the $13,502.25 in liquidated damages assessed on "late payments" covering various months in 2014, 2016, 2017 and 2018. (Doc. 15. at ¶7). Plaintiff cites to the CBA, attached as an exhibit, which sets out a procedure for calculating liquidated damages on delinquent contributions. (Doc. 15-1). But Plaintiff fails to adduce evidence of the late contributions that apparently generated the claims to the liquidated damages in the first instance. Plaintiff's counsel does not claim to have knowledge of the record-keeping of the contributions or the late fees accrued. Nor is there an affidavit from anyone, such as a plan administrator, who keeps records of late contributions in the regular course of business. In short, the Court lacks documentary evidence of any recoverable liquidated damages stemming from late contributions. Accordingly, Plaintiff is not entitled to judgment for liquidated damages for late contributions.

In an affidavit ("Henzi Affidavit"), Plaintiff's counsel asserts attorney's fees in the amount of $777.80. (Doc. 15-3). The primary motion states Plaintiff seeks $771.50 in attorney's fees and $6.30 in "costs." (Doc. 15 at ¶ 8). As accurately stated in Plaintiff's motion, attorney's fees are mandatory in this case under 29 U.S.C. §1132(g)(2) and 29 U.S.C. §1145.

"To determine reasonable attorney's fees, courts begin multiplying 'a reasonable hourly rate' with 'the number of hours reasonably expended on the litigation' to obtain what is 'known as the lodestar.'" *Arthur v. Robert James & Assocs. Asset Mgmt., Inc.*,

No. 3:11-CV-460, 2012 WL 1122892, at *3 (S.D. Ohio Apr. 3, 2012) (quoting *Dowling v. Litton Loan Servicing LP*, 320 Fed. Appx. 442, 446 (6th Cir.2009). "Courts 'indulge a 'strong presumption' that the lodestar 'represents a reasonable fee.'" *Id*. (quoting Dowling, 320 Fed. App'x at 446; then citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986)).

The Henzi Affdiavit avers to the hourly rates of partners and associates for Plaintiff's counsel. (Doc. 15-3). The court finds these reasonable. The affidavit does not provide a summary of hours worked on the matter, or a breakdown between partner and associate billables. (*Id.*). Nonetheless, basic arithmetic leads to the conclusion that Plaintiff's counsel spent the equivalent of about three and a half hours of 'partner' time on the matter. This is a reasonable expenditure of time considering the circumstances. Accordingly, Plaintiff is entitled to attorney's fees in the amount of $771.50.

The Henzi Affidavit, however, says nothing about the $6.30 in "costs" and those costs are not established by any other evidence. Accordingly, Plaintiff's request for "costs" is denied without prejudice.

## IV. CONCLUSION

For these reasons:

1. Plaintiff's motion for default judgment (Doc. 15) is **GRANTED in part and DENIED in part**.

2. Plaintiff's request for damages in the amount of $7,242.14 for unpaid fringe benefit contributions, liquidated damages, and audit costs is **GRANTED**.

3. Plaintiff's request for $771.50 in attorneys' fees is **GRANTED**.

4. Plaintiff's request for liquidated damages assessed on late payments of employer contributions is **DENIED** without prejudice.

5. Plaintiff's request for costs is **DENIED** without prejudice.

6. As to Court's denials in paragraphs 4 and 5, Plaintiff may renew its motion with appropriate documentation within fourteen (14) days of this Order. If no motion is timely filed, the case will be terminated on the docket of this Court.

7. The Clerk **SHALL** enter judgment in Plaintiff's favor and against Defendant.

**IT IS SO ORDERED.**

Date: 7/12/2021

*s/Timothy S. Black*
Timothy S. Black
United States District Judge